# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNATHAN BRADLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75464

FILED

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of: (1) conspiracy to commit home invasion, (2) invasion of the home while in possession of a deadly weapon, (3) conspiracy to commit burglary, (4) burglary while in possession of a firearm, (5) robbery with use of a deadly weapon, (6) grand larceny of a firearm, (7) two counts of attempted grand larceny of a firearm, and (8) ownership or possession of a firearm by a prohibited person. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Johnathan Bradley and his codefendant and brother, Delphonso Bradley, Jr., were arrested following a robbery that occurred at an apartment complex in Las Vegas, Nevada. Following a four-day jury trial, Johnathan was convicted on all counts. He appeals his conviction, arguing that (1) the district court abused its discretion in denying his motions to substitute counsel, and (2) there was insufficient evidence to maintain his convictions on counts 5 through 8 related to the robbery and larceny of a firearm charges.

The record shows that Johnathan twice moved to substitute his counsel—at the calendar call four days before trial was to begin and again post-trial but prior to sentencing—arguing that his attorney failed to

communicate with him, failed to file pretrial motions to sever and to suppress evidence, failed to follow up with alibi witnesses, and that he did not trust his attorney. The district court denied both motions. We review the denial of a motion to substitute counsel for an abuse of discretion. *Garcia v. State*, 121 Nev. 327, 337, 113 P.3d 836, 843 (2005). In determining whether a district court abused its discretion, this court considers three factors: "(1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion." *Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004) (quoting *United States v. Moore*, 159 F.3d 1154, 1158-59 (9th Cir. 1998)). After considering the three *Young* factors, we conclude that the district court did not abuse its discretion in denying Johnathan's motions to substitute counsel.

The district court allowed Johnathan to present both motions in court and adequately inquired into his reasons for believing a conflict existed before determining that Johnathan's claims did not amount to an actual conflict. The court found that Johnathan's attorney met with him twice before trial, had his investigator meet with Jonathan to discuss the case and provide the attorney with a report, and that Jonathan's attorney was to meet with him a third time before sentencing. Merely losing confidence in defense counsel does not create an actual conflict unless the defendant can provide "the court with legitimate reasons for the lack of confidence." *Gallego v. State*, 117 Nev. 348, 363, 23 P.3d 227, 237 (2001) (internal quotation marks omitted), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 776 n.12, 263 P.3d 235, 253 n.12 (2011). In addition, and as the district court determined, neither the motion to sever nor the motion to suppress evidence had a likelihood of success and were strategic decisions made by the attorney. *See Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d

(O) 1947A

163, 168 (2002) ("[A] lawyer may properly make a tactical determination of how to run a trial even in the face of his client's incomprehension or even explicit disapproval." (quoting *Brookhart v. Janis*, 384 U.S. 1, 8 (1966) (Harlan, J., concurring))).

Finally, the motions to substitute counsel were not timely. Timeliness is a balancing of the defendant's right to counsel with the delay and inconvenience that would accompany the substitution of counsel. *Young*, 120 Nev. at 969-70, 102 P.3d at 577. Johnathan invoked his right to a speedy trial, and yet, he presented his first motion during the calendar call four days before trial. Granting his motion at that stage without any evidence of an actual conflict would have caused unnecessary delay and inconvenience. Moreover, as the State argues and we agree, Johnathan's contentions are essentially ineffective-assistance-of-counsel arguments improperly raised on direct appeal. *See Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995) ("Appellants can claim ineffective assistance of counsel at post-conviction proceedings. Such claims may not be raised on direct appeal, unless there has already been an evidentiary hearing.").

Johnathan also argues that there was insufficient evidence to convict him on counts 5 through 8 relating to the robbery and larceny of a firearm charges. We disagree. "When reviewing a criminal conviction for sufficiency of the evidence, this court determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution." *Brass v. State*, 128 Nev. 748, 754, 291 P.3d 145, 149-50 (2012). "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *Nolan v. State*, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006) (internal quotation marks

 

omitted). Circumstantial evidence is enough to support a conviction. *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467 (1997), *overruled on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998).

Johnathan argues that the State never presented the allegedly stolen gun as evidence, or any evidence that he used a weapon. However, the victim testified that his Remington 1911, which he kept holstered and underneath the mattress in his bedroom, was missing after the robbery. He testified that one of the men who robbed him pointed a gun at him while leaving his apartment. Delphonso's girlfriend also testified that when Johnathan arrived at her apartment on the day of the robbery, he had a holstered gun in his waistband that she had never seen before. Therefore, viewing the evidence favorably to the prosecution, we conclude that a rational trier of fact could have concluded beyond a reasonable doubt that Johnathan was guilty of the crimes charged in counts 5 through 8.

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

 

cc:     Hon. Valerie Adair, District Judge
        Sandra L. Stewart
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk